IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:06CR3019 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| IVAN ROJO OSUNA, ) | **OF FORFEITURE** |
| RAUL ORTEGA MIJARES, ) | |
| ) | |
| Defendants. ) | |

NOW ON THIS 5th day of December, 2006, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture and Memorandum Brief. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendants have entered into Plea Agreements, whereby they have agreed to plead guilty to Counts I and VI of said Indictment. Count I of said Indictment charges the Defendants with conspiracy to distribute methamphetamine, a violation of 21 U.S.C. § 846. Count VI of said Indictment charges the Defendants with using $400.00 in United States currency to facilitate the commission of the conspiracy and charges said personal property is derived from proceeds obtained directly or indirectly as a result of the commission of the conspiracy.

2. By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject property, and the United States should be entitled to possession of said property, pursuant to 21 U.S.C., § 853.

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon Count VI of the Indictment and the Defendants' pleas of guilty, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the following-described property: $400.00 in United States currency

C. The Defendants' interest in said property is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D. The aforementioned forfeited property is to be held by the Marshal in his secure custody and control.

E. Pursuant to 21 U.S.C., § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject property is situated, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject forfeited property must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F. Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 5th day of December, 2006.

BY THE COURT:

s/ *RICHARD G. KOPF*, JUDGE
United States District Court